UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>                            Plaintiff,<br><br>v.<br><br>TRIED N TRUE INTERIORS LLC,<br><br>                            Defendant. | Civil Action No.: 19-cv-179<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Arch Specialty Insurance Company ("Plaintiff") by way of Complaint against Defendant Tried N True Interiors LLC ("Defendant"), states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendant for breach of contract and account stated as a result of Defendant's failure to comply with the terms of a February 22, 2018 settlement agreement it entered into with Plaintiff (the "Settlement Agreement"). In the Settlement Agreement, Defendant agreed to, among other things, remit payment to Plaintiff for premium owed pursuant to the terms and conditions of commercial general liability insurance policy numbers AGL0028923-01 and AGL0028923-02.

## PARTIES

2. Plaintiff is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

3. Defendant is a corporation organized under the laws of the State of New York with a principal place of business at 72 Reservoir Road, Pawling, New York 12564.

4. Defendant maintains an alternate business address at 52 Walter Street, Pearl River, New York 10965.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

6. The amount in controversy exceeds $75,000.

7. Plaintiff and Defendant also consented to the jurisdiction of this Court in the Settlement Agreement.

## FACTUAL ALLEGATIONS

8. Plaintiff issued commercial general liability insurance policy number AGL0028923-01 to Defendant for the policy period August 21, 2016 to August 21, 2017 (the "2016-2017 Policy").

9. Plaintiff issued commercial general liability insurance policy number AGL0028923-02 to Defendant for the policy period August 21, 2017 to August 21, 2018 (the "2017-2018 Policy").

10. The 2016-2017 Policy and the 2017-2018 Policy (collectively, the "Policies") were issued by Plaintiff to Defendant in exchange for premium payments from Defendant.

11. In issuing the Policies in exchange for premium payments from Defendant, Plaintiff agreed to provide insurance coverage to Defendant in accordance with the terms and conditions of the Policies.

12. Pursuant to the terms of the Policies, the initial premiums were estimated based on information submitted by Defendant and/or an insurance agent or broker on Defendant's behalf.

13. Because the initial premiums were based on estimated information, the Policies provide that the premium is subject to audit based on Defendant's actual exposure during the effective dates of coverage.

14. The audit can result in additional premium being owed to Plaintiff, or it can result in a return of premium to Defendant.

15. In accordance with the terms and conditions of the 2016-2017 Policy, an audit was conducted that resulted in a determination that the initial premium for the 2016-2017 Policy was underestimated.

16. Defendant has conceded that the initial premium payment for the 2016-2017 Policy was underestimated in the amount of $101,941.00.

17. Defendant's obligation to pay Plaintiff the additional $101,941.00 in premium for the 2016-2017 Policy was memorialized in the Settlement Agreement.

18. According to the terms of the Settlement Agreement, Defendant agreed to issue payment of the $101,941.00 over a period of five months with the first payment of $23,222.08 to be paid by February 15, 2018. Defendant agreed to issue the remaining four payments in equal installments of $19,679.73 on or before the 15th of each month starting in March 2018 and concluding in June 2018.

19. Defendant issued the first payment of $23,222.08 to Plaintiff, but has failed and refused to issue any additional payments required to be paid to Plaintiff pursuant to the Settlement Agreement.

20. In entering into the Settlement Agreement, Defendant also agreed to fully comply and cooperate with Plaintiff with respect to any audit conducted with respect to the 2017-2018

Policy, and to pay any additional premium that may be owed within thirty days of Defendant's receipt of an invoice for such premium.

21. An audit of the 2017-2018 Policy was conducted on or about May 7, 2018 which resulted in a determination that the initial premium for 2017-2018 Policy was underestimated by $85,858.23.

22. Plaintiff sent numerous invoices to Defendant in an effort to collect the additional premium owed for the 2017-2018 Policy, the most recent of which was issued on August 23, 2018.

23. Despite Plaintiff's efforts to collect the additional $85,858.23 in premium owed by Defendant for the 2017-2018 Policy, Defendant has failed and refused to issue such payment.

## COUNT ONE
### (Breach of Contract - 2016-2017 Policy)

24. Plaintiff repeats, restates, and realleges the allegations set forth in Paragraphs 1 through 23 as if fully set forth at length herein.

25. The 2016-2017 Policy is an insurance contract that was issued by Plaintiff to Defendant.

26. Plaintiff fulfilled its contractual obligations and provided the coverage afforded by the 2016-2017 Policy.

27. Defendant breached its contractual obligations under the 2016-2017 Policy by failing to remit payment for premium owed pursuant to the terms and conditions of the 2016-2017 Policy.

28. Pursuant to the terms and conditions of the 2016-2017 Policy, the policy premium was subject to audit based on Defendant's actual exposure during the effective dates of coverage.

29. An audit of the 2016-2017 Policy was conducted and revealed that Defendant's initial premium was underestimated.

30. Defendant acknowledged its underpayment of premium for the 2016-2017 Policy when it entered into the Settlement Agreement with Plaintiff.

31. Pursuant to the terms of the Settlement Agreement, Defendant agreed to pay additional premium to Plaintiff for the 2016-2017 Policy totaling $101,941.00 (the "Settlement Payment").

32. Pursuant to the terms of the Settlement Agreement, Defendant was required to satisfy the Settlement Payment over five installments as follows: (1) $23,222.08 to be paid by February 15, 2018; (2) $19,679.73 to be paid by March 15, 2018; (3) $19,679.73 to be paid by April 15, 2018; (4) $19,679.73 to be paid by May 15, 2018; and (5) $19,679.73 to be paid by June 15, 2018.

33. Defendant issued payment for the first installment of the Settlement Payment in the amount of $23,222.08, but has failed and refused to issue payment for any of the other installment payments required by the terms of the Settlement Agreement.

34. Defendant's failure to issue payment in complete satisfaction of the Settlement Payment constitutes a breach of the Settlement Agreement.

35. Pursuant to the terms of the Settlement Agreement, Plaintiff is entitled to interest in the amount of twelve percent (12%) per year, compounded daily on all unpaid portions of the Settlement Payment.

36. Pursuant to the terms of the Settlement Agreement, interest on the unpaid portion of the Settlement Payment began to accrue on November 17, 2017 and continues until the time

Defendant fully satisfies the outstanding portion of the Settlement Payment, plus all interest required to be paid to Plaintiff.

37. As a result of Defendant's breach of the Settlement Agreement as it pertains to payment of the audit premium required pursuant to the terms and conditions of the 2016-2017 Policy, Plaintiff has been damaged in an amount not less than $78,718.92, plus interest, attorney's fees, and litigation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant with respect to Count One of the Complaint in an amount not less than $78,718.92, plus interest, attorney's fees, and litigation costs, and any such further relief as this Court deems just and proper.

## COUNT TWO
### (Breach of Contract – 2017-2018 Policy)

38. Plaintiff repeats, restates, and realleges the allegations set forth in Paragraphs 1 through 23 as if fully set forth at length herein.

39. The 2017-2018 Policy is an insurance contract that was issued by Plaintiff to Defendant.

40. Plaintiff fulfilled its contractual obligations and provided the coverage afforded by the 2017-2018 Policy.

41. Defendant breached its contractual obligations under the 2017-2018 Policy by failing to remit payment for premium owed pursuant to the terms and conditions of the 2017-2018 Policy.

42. Pursuant to the terms and conditions of the 2017-2018 Policy, the policy premium was subject to audit based on Defendant's actual exposure during the effective dates of coverage.

6

43. An audit of the 2017-2018 Policy was conducted on or about May 7, 2018 and resulted in a determination that Defendant's initial premium was underestimated in the amount of $85,858.23.

44. Plaintiff sent numerous invoices to Defendant in an effort to collect the additional premium owed for the 2017-2018 Policy, the most recent of which was sent on August 23, 2018.

45. Despite Plaintiff's efforts to collect the additional premium owed for the 2017-2018 Policy, Defendant has failed and refused to make such payment to Plaintiff.

46. Defendant's failure and refusal to issue payment for the additional premium owed under the 2017-2018 Policy constitutes a breach of the 2017-2018 Policy.

47. Defendant's failure and refusal to issue payment for the additional premium owed under the 2017-2018 Policy also constitutes a breach of the Settlement Agreement.

48. Pursuant to the terms of the Settlement Agreement, Defendant was required to fully comply and cooperate with the premium audit of the 2017-2018 Policy and to pay any additional audit premium within thirty days of Defendant's receipt of an invoice for such additional premium.

49. Pursuant to the terms of the Settlement Agreement, Plaintiff is entitled to interest on the additional premium owed under the 2017-2018 Policy in the amount of twelve percent (12%) per year, compounded daily.

50. Pursuant to the terms of the Settlement Agreement, interest on the unpaid audit premium for the 2017-2018 Policy began to accrue on May 7, 2018, and continues until the time full payment of the additional premium owed under the 2017-2018 Policy, plus all interest required pursuant to the Settlement Agreement is paid to Plaintiff.

51. As a result of Defendant's breach of the Settlement Agreement as it pertains to payment of the audit premium required pursuant to the terms and conditions of the 2017-2018 Policy, Plaintiff has been damaged in an amount not less than $85,858.23, plus interest, attorney's fees, and litigation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant with respect to Count Two of the Complaint in an amount not less than $85,858.23, plus interest, attorney's fees, and litigation costs, and any such further relief as this Court deems just and proper.

### COUNT THREE
### (ACCOUNT STATED – 2016-2017 Policy)

52. Plaintiff repeats, restates, and realleges the allegations set forth in Paragraphs 1 through 23 as if fully set forth at length herein.

53. Plaintiff presented Defendant with an account balance in the amount of $101,941.00, which Defendant accepted as correct when it executed the Settlement Agreement.

54. Despite Defendant's acceptance of the account balance due and owing to Plaintiff, it has failed and refused to pay the full amount of the account balance.

55. Defendant's failure and refusal to pay the acknowledged account balance due and owing to Plaintiff has caused Plaintiff to suffer damages in an amount not less than $78,718.92, plus accrued interest.

**WHEREFORE**, Plaintiff demands judgment against Defendant with respect to Count Three of the Complaint in an amount not less than $78,718.92, plus accrued interest, attorneys' fees, litigation costs, and such further relief as this Court deems just and proper.

## COUNT FOUR
## (ACCOUNT STATED – 2017-2018 Policy)

56. Plaintiff repeats, restates, and realleges the allegations set forth in Paragraphs 1 through 23 as if fully set forth at length herein.

57. Plaintiff presented Defendant with an account balance in the amount of $85,858.23.

58. Pursuant to the terms of the Settlement Agreement, Defendant agreed to issue payment for the $85,858.23 account balance within thirty days of its receipt of an invoice from Plaintiff.

59. Plaintiff duly issued and sent multiple invoices to Defendant in an effort to collect the $85,858.23 account balance, the most recent of which was sent to Defendant on August 23, 2018.

60. Defendant has failed and refused to issue payment of the $85,858.23 account balance.

61. Defendant's failure and refusal to pay the acknowledged account balance due and owing to Plaintiff has caused Plaintiff to suffer damages in an amount not less than $85,858.23, plus accrued interest, attorneys' fees, and litigation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant with respect to Count Four of the Complaint in an amount not less than $85,858.23, plus accrued interest, attorneys' fees, litigation costs, and such further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Arch Specialty Insurance Company prays that this Court enter Judgment in its favor on all of the above Counts in an amount not less than $164,577.15, plus accrued interest, attorneys' fees, litigation costs, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      January 7, 2019                         ROBINSON & COLE LLP

By:   */s/ Cara Vecchione*____
      Cara Vecchione
      666 Third Avenue, 20th Floor
      New York, New York 10017
      Telephone: (212) 451-2900
      Facsimile: (212) 451-2999
      E-mail: cvecchione@rc.com

      *Attorneys for Plaintiff Arch Specialty Insurance Company*