UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>TRIED N TRUE INTERIORS LLC,<br><br>*Defendant*. | Civil Action No. 19-179<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Arch Specialty Insurance Company's ("Plaintiff") unopposed application for an entry of default judgment[1] pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 10, against Defendant Tried N True Interiors LLC, ("Defendant");

and it appearing that this breach of contract action arises out of two general liability insurance policies issued by Plaintiff to Defendant, one covering the period from August 2016 to August 2017 (the "16-17 Policy") and the other covering the period from August 2017 to August 2018 (the "17-18 Policy"), see Compl. ¶¶ 8-11, ECF No. 1;

and it appearing that the premiums for the policies were based on estimated information that was subject to audit to reflect Defendant's actual exposure during the insurance policy period, and that an audit of the estimated information can result in a return of a portion of the premium to Defendant or more premium due to Plaintiff, id. ¶¶ 13-14;

and it appearing that after an audit of Defendant's exposure for the 16-17 Policy, Defendant conceded it underpaid the premium for that policy by $101,941 and executed a settlement

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

agreement with Plaintiff that obligated Defendant to: (1) pay this sum in five monthly payments, the first in the amount of $23,222.08, the remaining four in equal payments of $19,679.73; and (2) fully comply with an audit of the 17-18 Policy and to pay any invoice under that policy within 30 days of receipt, id. ¶¶ 16-20; Settlement Agreement, Pellitteri Decl. Ex. D, ECF No. 9.6;

and it appearing that Defendant made the first payment under the Settlement Agreement but refused to make any further payments and failed to fully cooperate with an audit as to the proper premium due under the 17-18 Policy, Compl. ¶¶ 19-20;

and it appearing that an audit of the 17-18 Policy found Defendant to have underpaid the premium by $85,858.23, and that despite demands for payment, Defendant has failed to pay the additional premium, id. ¶¶ 21-23;

and it appearing that on January 7, 2019, Plaintiff filed this action against Defendant, asserting two claims for breach of contract under the Settlement Agreement, one for failing to pay the amount due under the 16-17 Policy (Count One), id. ¶¶ 24-37, and one for failing to pay the increased premium after an audit of the 17-18 Policy (Count Two), id. ¶¶ 38-51, and two claims for account stated, one under the 16-17 Policy (Count Three), id. ¶¶ 52-55, and one under the 17-18 Policy (Count Four), id. ¶¶ 56-61;

and it appearing that Defendant has failed to answer the Complaint or otherwise respond as of the date of this Order;

and it appearing that Plaintiff filed the present Motion for Default Judgment seeking a judgment of $164,577.15, plus interest, costs of $450 and attorney's fees, Pl. Mem. at 10, ECF No. 9;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects service upon Defendant, ECF No. 5;

and it appearing that a district court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, see Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015); Compl. ¶¶ 2-7;

and it appearing that, pursuant to the Settlement Agreement, Defendant consented to the personal jurisdiction of "the state and federal courts in New Jersey," Settlement Agreement, Pellitteri Decl. Ex. D;

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing to establish a breach of contract claim under New Jersey law, a plaintiff must show that: (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) the plaintiff suffered damages as a result of the breach, Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013);

and it appearing that Plaintiff sufficiently pled that Defendant entered into the Settlement Agreement with Plaintiff, then breached that agreement by failing to make payments thereunder;

and it appearing that Plaintiff has proven that it has suffered damages in the amount of $164,577.15,[2] Pl. Mem. at 9;

and it appearing that the under Settlement Agreement, Plaintiff is entitled to interest of 12% per annum, compounded daily, beginning on November 17, 2017 for the amount due under the settlement of the 16-17 Policy, and beginning on May 7, 2018, for the amount due under the 17-18 Policy, id., resulting in interest due as of the date of this Order of $19,720.71 under the 16-17 Policy and $16,682.37 due under the 17-18 Policy, which when combined with the unpaid principal amounts due under the Settlement Agreement results in a total of $200,980.23;

and it appearing that Plaintiff has not made any showing as to why it is entitled to costs and attorney's fees;

and it appearing that courts consider the following three factors in deciding whether to grant a default judgment: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff would suffer prejudice if the Court denied default because denial would further delay compensating Plaintiff for the damages suffered from the breach;

and it appearing that, based on the facts alleged in the Complaint, Defendant does not appear to have a litigable defense;

---

[2] This figure reflects the $78,718.92 Defendant failed to pay under the Settlement Agreement to settle the amount due under the 16-17 Policy, and the $85,858 due under the 17-18 Policy that Defendant agreed to pay as part of the same Settlement Agreement.

and it appearing that the Third Circuit has found that "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard," <u>Mrs. Ressler's Food Prods. v. KYZ Logistics LLC</u>, 675 F. App'x 136, 142 (3d Cir. 2017);

and it appearing that Defendant's failure to respond to the Complaint—which contains allegations of serious financial injuries—for more than eleven months constitutes willful conduct and therefore satisfies the culpable conduct standard;

and it appearing that all three factors accordingly support the entry of default judgment;

**IT IS** on this 19th day of December, 2019;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 9, is hereby **GRANTED**; and it is further

**ORDERED** that judgment is hereby entered against Defendant in the amount of $200,980.23.

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
